# Cooper, *et al. v.* Parker.

## *Bill to Foreclose Mortgage.*

(Decided January 18, 1912.    57 South. 472.)

1. *Mortgages; Foreclosure; Variance.*—Where the mortgage recited an existing indebtedness due the mortgagee for money advanced for which the note was given, there was no variance because the bill alleged that the mortgage was given to secure an existing debt due to the mortgagee while the proof showed that it was given to indemnify the mortgagee for loss resulting from signing a note as security for one of the mortgagors.

2. *Same; Attorney's Fee.*—A provision of a mortgage contained in the power of sale that the proceeds of sale should be applied to the expenses of the sale, and to the note secured thereby, "together with reasonable attorney's fee for foreclosing this mortgage," did not authorize an attorney's fee upon foreclosure by suit in chancery, but only in case of a sale under the power.

3. *Principal and Surety; Liability of Principal; Necessity of Paying Debt.*—A surety or grantor cannot recover from the principal until he has paid the debt guaranteed, unless the surety contract stipulates to the contrary; but the parties may agree that the surety may proceed against the principal, or against independent security given by him, at any time, irrespective of the surety's payment of the principal debt.

APPEAL from Coosa Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by James M. Parker against R. M. Cooper and others. From a decree for complainant, defendants appeal. Modified and affirmed.

The consideration clause of the mortgage is as follows: "And we, or either of us, agree to pay to the said James M. Parker, for any and all advances, in addition to the above amount of money, the said James M. Parker may make to us during the year 1907. And

we hereby certify that said sum of money has been obtained by us, and such contract for future advances has been made by us, bona fide for the purpose of making a crop during the year 1907, and that without such advances and such contract for future advances, it would not be in our power to procure the necessary teams, provisions, and farming implements with which to make a crop during the year 1907. And as far as this debt is concerned, and in consideration thereof, we jointly and severally expressly waive [here follows waiver of exemption]." The clause relating to foreclosure is in part as follows. "But, should said sum and said additional future advances not be paid when due, the said James M. Parker, his heirs, representatives, or assigns, shall have the right to take possession of said property herein conveyed, and he is hereby authorized to sell the same, both real and personal, at auction before the courthouse door of Elmore county, Alabama, to the highest bidder for cash, by giving ten days' notice in writing of the time, place, and terms of sale of same, by posting one of said written notices at the courthouse door and three other public places in Elmore county. [Here follows authority to bid and to buy by the said Parker at such sale, together with authority to invest the purchaser or purchasers with the complete title.] And the proceeds of such sale the said Parker, his heirs or assigns, shall apply to the expenses of the same, and to the payment of said sum of $330, and to the payment of such additional sum of money as the said James M. Parker may have advanced to us, or either of us, during the year 1907, with the interest thereon, together with reasonable attorney's fees for foreclosing this mortgage, and the balance, if any, shall be paid to our heirs or assigns."

[Cooper, et al. v. Parker.]

GEORGE A. SORRELL, for appellant. There was a variance between the allegata and probata, and they should correspond.—*Alston v. Marshall* 112, Ala. 641; *Mortgage Co. v. Sewell,* 92 Ala. 171; *Hooper v. Strahan,* 71 Ala. 75. ˙Proof without allegation will not support relief.— *Wharton v. Harmon,* 101 Ala. 554. The stipulation for attorney's fees did not include foreclosure by bill in chancery, but˙ only a sale under the power.—*Pollard v. Mortgage Co.,* 103 Ala. 289; *Bedell v. Mortgage Co.,* 91 Ala. 325. No right of action accrued under the facts in this case until the guarantor suffered a loss against which the covenant runs.—64 Ohio 336; 36 Ga. 552; 57 Neb. 413; 114 N. Y. 182. Under the proof in this case, the bill cannot be maintained, as it is not shown that the guarantor had paid the debt for which he was surety. —*Daniel v. Hunt,* 77 Ala. 567; *Lane v. Westmoreland,* 79 Ala. 373; *Smith v. Pitts,* 52 South. 402.

FELIX L. SMITH, for appellee. Counsel for appellee cites the following authorities.—*Russell v. Rogue,* 11 Ala. 352; 1 Am. St. Rep. 234; 27 A. & E. Enc. of Law, pp. 473-4, and note 1.

SOMERVILLE, J.—This appeal is from a final decree of the chancery court for the foreclosure of a mortgage on land executed by appellants to appellee.

Error is imputed to the decree in three particulars: (1) Because of a variance between the allegations of the bill and the proof; the bill alleging that the security was given for a then existing debt due from the mortgagors to the mortgagee, when in fact it was given to indemnify the mortgagee against any loss that he might sustain by reason of his signing a note as security for R. M. Cooper, one of the mortgagors. (2) Because, when the bill to foreclose was filed by the mortgagee,

[Cooper, et al. v. Parker.]

he had not then paid the security debt, had suffered no loss, and was not entitled to enforce the security. (3) because there was no stipulation in the mortgage authorizing the allowance of an attorney's fee for foreclosing the mortgage by bill in chancery; a fee of $50 being allowed by the chancellor in that behalf.

1. The mortgage contract, which is made an exhibit to the bill of complaint, recites an indebtedness of $330 due from the mortgagors to the mortgagee for money advanced by him to them to make a crop, for which the note was given. The bill of complaint declares upon the mortgage and note according to their prima facie import and effect, and just as the parties themselves saw fit to deliberately frame and memorialize their agreement. To so describe the contract is surely in accordance with the rules of good pleading. It is true that the consideration as stated even in a written contract may, as between the parties, be inquired into, a different consideration may be shown, and the contract given effect accordingly. But proof of a different consideration which does not change the essential rights of the parties, nor destroy the right of redress, cannot be treated as a variance.

2. "A surety or guarantor cannot recover indemnity from the principal, or indemnitor, until he has been damnified; in other words, until he has paid the debt; unless there is a clause in the contract of indemnity which varies this general rule."—*Lane v. Westmoreland,* 79 Ala. 374. And again it is said: "The rights of the surety must be determined by the terms of the instrument which creates the indemnity. If the mortgage or other security is not given to secure the debt, or to provide a fund for its payment, but merely to save harmless from a contingent liability or loss, the contingency must happen, or the loss be sustained, be-

[Cooper, et al. v. Parker.]

fore a right arises in favor of the creditor to the indem-
nity."—*Daniel v. Hunt*, 77 Ala. 469. It is to be noted
that these statements of the rule, by their own express
limitations, apply only to those cases in which the par-
ties have not stipulated otherwise. It is competent for
the parties to so frame their contract, either by the
terms of the principal contract, or by a separate inde-
pendent contract, as to authorize the surety to proceed
against his principal, or against the independent securi-
ty given by the principal to the surety, at any stated
time, independently of the surety's prior payment of
the principal debt. Such we conceive to be the nature
and purpose of the present mortgage security. Indeed,
as between these parties, their idea seems to be to treat
the note due to the bank as the debt solely of the surety,
which he was to pay at all events, in consideration of
which the surety accepted the obligation of his principal
due and payable at a fixed time. But, if their purpose
did not go so far as this, it is still impossible to escape
the conclusion that this independent security was in-
tended to provide a fund, out of which, after a stated
time, the surety-mortgagee could satisfy the principal
debt without first making the payment out of his own
pocket.

The present case cannot be distinguished from the
case of *Russell v. La Roque*, 11 Ala. 352, 354, where it
was said: "It is frequently a matter of great doubt and
difficulty what the true nature of an indemnity is; but
the circumstance which influenced our judgment previ-
ously, and which has confirmed it on subsequent reflec-
tion, is the fact that the note executed as an indemnity
was payable at a day certain, thus establishing very sat-
isfactorily that the right of the surety to an action on
the note was not to depend on his being compelled to
pay the debt of his principal, as the time when that

[Cooper, et al. v. Parker.]

would happen was uncertain, if it happened at all, whilst the right to sue at a particular time was ascertained and depended on no contingency."

Hence, conceding that the complainant had not paid the principal debt at the time he filed this bill, he may nevertheless proceed to realize on the independent security given to him. In such a case, however, it seems clear that the mortgagor-principal would have an equity to have the fund so realized applied to the principal debt, if he still remained liable thereon.

3. The mortgage contains the usual power of sale, and provides that, upon said sale being made, the proceeds thereof shall be applied to the expenses of the sale, and to the $330 note, etc., "together with reasonable attorney's fee for foreclosing this mortgage."

The provision here made is manifestly for an attorney's fee for foreclosing by sale under the power, and not by suit in chancery. Hence there was error in the allowance of an attorney's fee for this latter service.— *Tompkins v. Drennen*, 95 Ala. 463, 466, 10 South. 638. The cases of *Bedell v. N. E. M. S. Co.*, 91 Ala. 325, 8 South. 494, and *Pollard v. A. F. L. & M. Co.*, 103 Ala. 289, 16 South. 801, by reason of the difference in the stipulations involved, are not in point, and so no question can arise here as to the necessity of a resort to a proceeding in chancery.

The decree of the chancellor will be modified by eliminating the fee allowed, and, as modified, will be affirmed. The costs of this appeal will be taxed in equal part against appellants and appellee.

Modified and affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.