# Skidmore *v.* Stewart.

### Mortgage Foreclosure.

(Decided April 12, 1917.   75 South. 1.)

1. **Mortgages; Foreclosure by Action; Attorney's Fee.**—In a mortgage foreclosure suit in chancery, the mortgage providing for expenses of sale under power and note for attorney's fee for collection, complainant is entitled to his solicitor's fee in that behalf incurred or expended.

2. **Reformation of Instruments; Mistake of Fact.**—Where through mistake a written agreement contains substantially more or less than parties intended, or from ignorance or want of skill in draftsman object and inten-

tion of parties is not expressed, a court of chancery will, on clear proof of mistake, reform instrument to conform to true intention of parties.

3. **Reformation of Instruments; Pleading; Sufficiency on Demurrer.**—A bill, alleging that complainant secured a tax deed to land of mortgagor which, after discovery that land was the same as that mortgaged to him, he, on payment by mortgagor of tax money with interest, agreed to release any claim under tax deed and executed a quitclaim deed releasing all his right in land, whereas intention of parties to said deed was that he should only release and convey interest acquired under tax deed and that security under mortgage was not to be affected, with general prayer for relief, is sufficient against demurrer on ground that if there was a mistake it was one of law.

4. **Equity; Demurrer; Grounds; Defective Prayer.**—Although special prayer of a bill is inapt, demurrer will not lie where appropriate relief may be given under general prayer.

5. **Mortgages; Foreclosure; Receiver; Grounds.**—To warrant appointment of receiver in aid of foreclosure suit, it must be clearly shown by allegation and evidence that mortgage security is inadequate and mortgagor insolvent, or that there is fraud or other misconduct whereby rights of mortgagee are actually imperiled.

6. **Receivers; Grounds; Allegations; Sufficiency; Conclusions of Pleader.**—A bill stating appropriate purposes to be accomplished by a receiver, but simply alleging that a receiver is necessary for such purposes, a conclusion of pleader, is insufficient against demurrer.

APPEAL from Morgan Chancery Court.

Heard before Hon. JAMES E. HORTON, JR.

Bill by S. E. Stewart against Laura E. Skidmore and her husband to foreclose a mortgage. From a decree for complainant, respondents appeal. Affirmed in part, and in part reversed, rendered, and remanded.

The mortgage was overdue, and was given to secure a promissory note of even date, and was given on the crops, stocks, and lands. The note stipulated that the makers "shall pay all costs of collection, including a reasonable attorney's fee, if not paid at maturity." The mortgage provides for a sale under power, and a payment of the expenses of same out of the proceeds of the sale. The bill avers that, by said note and mortgage, defendant agreed to pay a reasonable attorney's fee should it become necessary that said note and mortgage be collected through an attorney, and the bill claims a fee of $250 for that purpose. The bill further avers that it was necessary to have a receiver appointed for the purpose of taking charge of and looking after the personal property mentioned in said mortgage, and for the purpose of looking after and caring for the real estate mentioned and described in said mortgage, to see that same was insured, and for the purpose of

procuring a tenant for said property, and for the purpose of collecting and conserving the rents of said property for the benefit of orator. By amendment it is further alleged that complainant executed a quitclaim deed to Laura E. Skidmore, one of the respondents, on January 23, 1913, releasing and conveying to her some of the land, about 50 acres, covered by his mortgage, under the following circumstances: Several years previously complainant bought said released lands at a tax sale not knowing that they were included in his mortgage; after receiving the tax deed he discovered that fact, and Mrs. Skidmore offered to refund the tax money with interest, $46.48, and complainant agreed to release any right or claim he might have under said tax deed; complainant accepted the same in full payment of any and all claims acquired by virtue of said tax deed, and for no other purpose, and thereupon executed to her a quit-claim deed, releasing and conveying all his right, title, interest and claim in the tax deed land, without any restrictions as to the title conveyed. As to this transaction, the bill alleges that it was the intention of all the parties to said deed that it was only to release and convey said interest which complainant might have acquired under and by virtue of said tax deed, and that complainant's security under said mortgage, and the conveyance of the land for that purpose, was not to be affected by said deed. Besides the general prayer, and the usual prayer for foreclosure sale, and its incidents, including a writ of possession in favor of the purchaser at the sale, it also prayed that pending a final hearing a receiver be appointed. The demurrers raise the objection that complainant is not entitled to collect attorney fees, there being no provision nor necessity shown therefor; that, if there was a mistake in making the quit-claim deed, it was a mistake of law and not of fact, and cannot be remedied; and that the allegations are not sufficient to authorize the appointment of a receiver.

W. T. Lowe for appellant. Sample & Kilpatrick for appellee.

SOMERVILLE, J.— (1) While the mortgage deed provides only for the expenses of a sale under the power, the note provides for an attorney's fee for its collection if it be not paid at maturity. A foreclosure suit in chancery is one of the legal methods of collection, and complainant is entitled to a reasonable

[Skidmore v. Stewart.]

allowance for his solicitor's fee in that behalf, herein incurred or expended.—*Stephenson v. Allison,* 123 Ala. 439, 449, 26 South. 290. And, of course, the default in the payment of the secured debt sufficiently exhibits a necessity for a suit and its attendant expenses. It is to be observed that the bill does not aver a stipulation based upon a conditional necessity for foreclosure in chancery, but only for collection by an attorney. The case is therefore distinguishable from that of *A. F. L. M. Co. v. McCall,* 96 Ala. 200, 11 South. 288.

If this were an attempt to recover an attorney's fee incidental to a foreclosure under the power in the mortgage, it would be denied, because the mortgage makes no provision therefor, and the provision in the note does not relate to an ex parte proceeding for the mere subjection of the security to the debt.—*Tompkins v. Drennen,* 95 Ala. 463, 465, 10 South. 638; *Perry v. Seals,* 186 Ala. 514, 65 South. 151.

(2) It is a familiar maxim of the law that courts do not reform or redress those acts of parties which are the result of pure mistake of law.—*Hemphill v. Moody,* 64 Ala. 468. "But," as observed by STONE, J., in that case, "in civil proceedings, this rule, owing to its hardship, has been treated as one stricti juris; and if there was intermixed with the mistake of law any mistake of fact, courts have willingly seized upon it, and made it the the ground of relief. There is a class of cases, hard to distinguish from mistakes of law, where, through mistake, a written agreement contains substantially more or less than the parties intended, or where, from ignorance or want of skill in the draftsman, the object and intention of the parties, as contemplated by the agreement, is not expressed in the written instrument, by reason of the use of inapt expressions; on which the court of chancery, on clear and satisfactory proof of the mistake, will reform such agreement, and make it conform to the true intention of the contracting parties. * * * The principle on which courts relieve, in cases falling within this class, is that through ignorance, *or misapprehension of the legal effect of the terms agreed upon* (italics supplied), the parties have made a contract, variant in legal construction from the one intended.— *Trapp v. Moore,* 21 Ala. 693; *Larkins v. Biddle,* 21 Ala. App. 252."

This liberal and wholesome rule has also in later cases been declared and applied by this court.—*Moore v. Tate,* 114 Ala. 582,

21 South. 820; *Orr v. Echols*, 119 Ala. 345, 24 South. 357; *Page v. Whatley*, 162 Ala. 473, 50 South. 116; *Hataway v. Carnley*, 198 Ala. 39, 73 South. 382.

(3) We think the allegations of the bill are sufficient, both as to form and substance, to bring complainant's case for reformation within the scope of the principle above declared, and the demurrer was, as to this aspect of the bill, properly overruled.

(4) The proper relief, in this regard, would be the reformation of the quitclaim deed by inserting a restriction of the interest therein conveyed to such interest as the grantor acquired by virtue of his tax deed. The special prayer of the bill, in this aspect, is inapt, but the appropriate relief may be given under the general prayer; and the mere inaptitude of a special prayer is not a good ground of demurrer.

(5) The appointment of a receiver in aid of a foreclosure suit is not a mere matter of course. It must be clearly shown, by allegation and by evidence, that the mortgage security is inadequate, and the mortgagor insolvent, or that there is fraud, or other misconduct whereby the rights of the mortgagee are actually imperiled.—*Scott v. Ware*, 65 Ala. 174, 184; *Ashurst v. Lehman*, 86 Ala. 370, 5 South. 731; *Jackson v. Hooper*, 107 Ala. 634, 18 South. 254; 27 Cyc. 1624. See, also, generally, *Hayes v. Jasper Land Co.*, 147 Ala. 340, 41 South. 909.

(6) The bill of complaint states appropriate purposes to be accomplished by a receiver; but the mere allegation that a receiver "is necessary" for such purposes is but the conclusion of the pleader, and entirely insufficient. The facts that create the necessity ought to be clearly alleged.

The demurrer to this aspect of the bill should have been sustained.

The decree of the chancellor will be affirmed as to all the grounds of demurrer, except those to the sufficiency of the bill as for the appointment of a receiver, and a decree will be here rendered sustaining the demurrer to the bill in so far as it seeks a receivership for the mortgaged property.

The costs of this appeal will be apportioned equally between appellant and appellee.

Affirmed in part, and reversed, rendered, and remanded in part.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.