(82 South. 485)

BLEVINS et al. v. TILFORD. (6 Div. 866.)

(Supreme Court of Alabama. June 5, 1919.)

1. SUBROGATION ⬦══23(3)—MORTGAGES—HUSBAND AND WIFE.

Plaintiff who held a mortgage executed by husband and wife, void under Code 1907, § 4497, because the wife held the title, was entitled to be subrogated to the rights of a mortgagee holding a mortgage executed before the wife acquired title, where plaintiff's mortgage was given to secure money paid by plaintiff in satisfaction of the prior mortgage, the prior mortgage being assigned to him, although the prior mortgagee's attorney satisfied the mortgage of record.

2. SUBROGATION ⬦══23(3)—MORTGAGES—HUSBAND AND WIFE.

Where plaintiff held a mortgage executed by husband and wife, void under Code 1907, § 4497, because the wife held the title, he was entitled to be subrogated to the rights of creditors, as to whom the transfer by the husband to the wife was declared null and void; plaintiff's mortgage having been executed to secure him for money advanced to pay off the creditors.

3. MORTGAGES ⬦══581(2)—FORECLOSURE—ATTORNEY'S FEES.

Where notes provided, makers "agree to pay cost of collecting this note, including reasonable attorney's fee for all services rendered in any way in any suit," and mortgage provided, "Grantors hereby agree to pay all cost, expense and attorney's fees that may be legally incurred in collecting the indebtedness aforesaid, or in foreclosing this mortgage," mortgagee was entitled to recover a reasonable attorney's fee in a suit to foreclose.

4. MORTGAGES ⬦══513—FORECLOSURE—HUSBAND AND WIFE.

When plaintiff held a mortgage executed by husband and wife, void as to part of the land, under Code 1907, § 4497, because title was in the wife, but plaintiff was entitled to be sub-

⬦══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

rogated to the rights of a mortgagee, who had held a valid mortgage against the wife's land, on foreclosure of the mortgages, the proceeds of the husband's lands should be first applied on the indebtedness.

Appeal from Circuit Court, Cullam County; Robert C. Brickell, Judge.

Bill by F. V. Tilford against G. J. Blevins and others. Judgment for plaintiff, and certain defendants appeal. Affirmed.

F. E. St. John, of Cullman, for appellants.

Sample & Kilpatrick, of Cullman, for appellee.

SAYRE, J. Appellee, Tilford, filed the bill in this cause seeking to foreclose two mortgages on the same tract of land, the mortgages being exhibited with the bill. The mortgages had by appellee been assigned as collateral security for a debt he owed, and the assignees were made parties to the bill. The prayer was that the assignees be first paid out of the proceeds of the sale to be decreed, that appellee's debt be paid with costs and an attorney's fee, and that the balance, if any, be paid to the parties entitled thereto. Appellant's wife, who had joined in the mortgages, and the assignees were made parties defendant; but between appellee and his assignees there is no controversy. Appellant Blevins in his answer claimed that the debt, to secure which the mortgages had been executed, had been paid in full, while Mrs. Blevins, by her cross-bill, averred that 60 of the 180 acres described in the mortgages were her property and that as to the 60 acres appellee's mortgages were void, according to section 4497 of the Code, which forbids that the wife shall, directly or indirectly, become the surety for the husband. By his answer to Mrs. Blevins' cross-bill appellee showed that the mortgage of date May 6, 1915, exhibited with his original bill, was taken in part to secure the payment of money then advanced to take up the mortgage to Schoffel of date October 19, 1909, also exhibited with his original bill, which was executed before Mrs. Blevins acquired title to the 60-acre tract by conveyance from her husband. In other part the mortgage of latest date was given to secure money advanced to satisfy a decree in favor of creditors of Blevins, in which decree the deed under which Mrs. Blevins now claims title was adjudged to be null and void as against creditors, having been made in fraud of them, and the 60 acres, together with other land, were ordered to be sold to satisfy the demands of the complaining creditors. In still other part this mortgage secured the price of goods, wares, and merchandise sold by appellee to appellant. As to the mortgage of earlier date, the Schoffel mortgage, appellee's amended bill showed that, when paid, it was assigned to appellee, and by him was hypothecated along with the mortgage of May 6, 1915, and appellee and his assignees, in answer to the cross-bill of Mrs. Blevins, ask to be subrogated to the rights of the mortgagee therein named and of the creditors in the decree aforementioned. We find the facts with appellee. As to the law of the case not a great deal needs to be said.

[1, 2] Appellee, as against Mrs. Blevins, is entitled to subrogation to the extent claimed in his answer to her cross-bill. The principle on which this judgment is founded is clearly stated in Bell v. Bell, 174 Ala. 446, 455, 56 South. 926, 37 L. R. A. (N. S.) 1203. The Schoffel mortgage had been marked satisfied of record by Buchman, as attorney in fact for Louise Leopold, who had held the same by assignment from Schoffel; but the debt was paid by appellee and the mortgage assigned to him.

[3] Appellee was entitled to a reasonable attorney's fee, the amount of which, under the decree rendered, remains to be ascertained. Each of the notes secured by the mortgage of May 6, 1915, contained this provision:

The makers "agree to pay cost of collecting this note, including reasonable attorney's fee for all services rendered in any way in any suit," etc.

Both mortgages provided as follows:

"Grantors hereby agree to pay all cost, expense and attorney's fees that may be legally incurred in collecting the indebtedness aforesaid, or in foreclosing this mortgage."

These stipulations made out appellee's case for the recovery of attorney's fees. Skidmore v. Stewart, 75 South. 1.[1] In Cooper v. Parker, 176 Ala. 127, 57 South. 474, the case was different. The agreement there was for "reasonable attorney's fee for foreclosing this mortgage." It was held that the agreement was for a fee for foreclosing by sale under the power, and not by suit in chancery.

[4] As for anything said against the decree rendered by the trial court, it was correct. However, the land of the husband and that conveyed by him to his wife should be sold separately, unless the owners indicate their desire that they be sold en masse, and the proceeds of the husband's lands first applied in discharge of the several liens held against them. Todd v. Interstate Mortgage & Bond Co., 196 Ala. 173, 71 South. 661.

The decree will be affirmed, and the cause remanded to the circuit court in equity, in order that the court may superintend its execution and such further orders and de-

[1] 199 Ala. 566.

crees as may be made in accordance with this opinion.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.