(102 So. 702)

### KING v. PRICE. (6 Div. 177.)

(Supreme Court of Alabama. Jan. 15, 1925.)

**1. Appeal and error ⬪⇒837(11) — Supreme Court need consider only relevant, material, and competent testimony.**

Under Gen. Acts 1923, p. 631, neither trial court nor Supreme Court in equity case need indicate what testimony should be excluded or not considered, and Supreme Court on appeal will consider only testimony which is relevant, material, and competent.

**2. Contribution ⬪⇒9(6)—Judgment against defendants held not conclusive evidence of right of one paying it to receive contribution from others.**

Judgment for lessor against lessees, their assignee, and others, agreeing to become jointly and severally responsible with latter for obligations of lease, is highest evidence of their joint indebtedness to plaintiff, but only prima facie, not conclusive evidence of right of one paying judgment to receive contribution from others.

**3. Contribution ⬪⇒4—Contract construed so as to ascertain parties' intention in determining right of one paying judgment to contribution from others.**

Contract, by which lessees, their assignee, and others agreed to become jointly and severally responsible for obligations of lease, must be construed so as to ascertain parties' intention as gathered from entire contract, nature thereof, condition of parties, and objects in making it, in determining right of one paying judgment to contribution from others.

**4. Landlord and tenant ⬪⇒208(1)—Assignee of lease before rent is due must pay and cannot collect part from assignor.**

Assignee accepting assignment of lease from lessee before rent becomes due must pay rent, and cannot collect part from assignor, in absence of special agreement.

**5. Contribution ⬪⇒4—One jointly liable with assignee and others for obligations of lease not entitled to contribution from assignors on paying judgment for rent.**

One of several persons signing transfer of lease contract, reciting their agreement to become jointly and severally responsible with assignee for obligations of lease, *held* not entitled to contribution from assignors who remained liable to lessors on paying judgment for rent subsequently maturing.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity to quiet title by J. W. Price against Helen A. Dent, as administratrix, and C. L. King. From the decree, respondent King appeals. Affirmed.

Theodore J. Lamar, W. A. Weaver, and H. K. Long, all of Birmingham, for appellant.

Where parties stand in æquali jure with reference to liabilities arising ex contractu, equality of burden becomes equity. Crayton v. Johnson, 27 Ala. 502. Complainant, having paid the judgment, became the assignee thereof, and was subrogated to the rights of the judgment creditor. He may have contribution from all whom the judgment was against. Code 1907, § 5385; 13 C. J. 821; Vandiver v. Pollak, 107 Ala. 547, 19 So. 185, 54 Am. St. Rep. 118.

R. J. McClure, of Birmingham, for appellee.

To have contribution, it is necessary that appellant and appellee occupy the same attitude with reference to the debt. Crayton v. Johnson, 27 Ala. 503; 6 R. C. L. 1036; 13 C. J. 822; Huber v. Hess, 191 Ill. 305, 61 N. E. 61; Owen v. McGehee, 61 Ala. 445.

MILLER, J. This is a bill in equity filed by J. W. Price against Helen A. Dent, as administratrix of the estate of George H. Dent, deceased, and C. L. King. It avers complainant owns and is in possession of certain real estate therein described, and the (complainant) seeks by the bill under the statutes (sections 5443 and 5444, Code 1907) to quiet the title to this real estate, and avers the defendants are reputed to claim some right, title to, or incumbrance upon it.

The defendant C. L. King filed answer, making it a cross-bill, averring that he claims an incumbrance upon the property: that George H. Dent as surviving partner of Weeden & Dent brought suit and obtained judgment against this defendant and J. W. Price and others in the circuit court of Jefferson county for the sum of $703 on November 9, 1912; that he was forced to pay this judgment, interest, and cost, and he then became, by operation of law, entitled to be subrogated to the rights of the plaintiffs in the judgment, and is entitled in equity to have contribution from said J. W. Price, who was a defendant in the cause; and that before said judgment was paid by him a certificate thereof as allowed by law was duly filed and recorded in the probate office of Jefferson county, Ala., the county in which the said real estate of complainant is situated; and that said judgment so recorded is a lien on this real estate. The cross-complainant seeks by the cross-bill to be subrogated to all the rights, claims, and interest of George H. Dent, as surviving partner of Weeden & Dent, against the complainant and others in and by the said judgment and record of the certificate thereof in the probate office.

The complainant answered the cross-bill, averring that on January 5, 1907, Weeden & Dent leased by written contract a two-story brick storehouse in Birmingham to

Sanders & Price, a partnership, composed of Sam Sanders and J. W. Price (complainant), for $200 per month for 57 months, commencing January 1, 1907, and ending September 30, 1911; that Sanders & Price on June 29, 1910, in writing, with written consent of the lessors, Weeden & Dent, and for consideration of $400, sold certain fixtures in the store and transferred the unexpired term of said lease contract for the storehouse to the Farmers' Union; that the Farmers' Union agreed therein to assume all the responsibility of the lease and to abide by all the conditions contained therein; and that this agreement of the Farmers' Union to be responsible for the rent was assumed by C. L. King and four others who became by this agreement jointly and severally responsible with the Farmers' Union for the obligations of the lease. The answer avers that said C. L. King and the four others who became responsible for the obligation of the lease were at that time officers or directors of the Farmers' Union, and that neither Sam Sanders nor J. W. Price (members of the firm of Sanders & Price) were members of the Farmers' Union, and they were not connected in any manner with the said Farmers' Union.

The answer to the cross-bill further alleges that the lessors by consenting for the lease to be transferred to the Farmers' Union by Sanders & Price did not release them from liability, but expressly stated they were not released from the obligation. The judgment referred to in the cross-bill was obtained on said contract transfer of said lease, by George H. Dent as surviving partner of Weeden & Dent; and under this contract the complainant is not liable to C. L. King, cross-complainant, for any part of this judgment and cost paid by him; and under that contract he has no lien by the judgment on his property, and is not entitled to be subrogated to the rights of Weeden & Dent against complainant.

The court on pleading and proof held that cross-complainant C. L. King has no right, title, interest, claim, or incumbrance upon the real estate of complainant described in the orginal bill of complaint, and the cross-bill was dismissed in so far as the same seeks relief against complainant J. W. Price; and C. L. King is taxed with the cost arising out of the bill of complaint and the cross-bill, for which execution may issue.

This appeal is by C. L. King from that decree, and it is the error assigned and argued.

The evidence is without dispute that Weeden & Dent on January 4, 1907, leased in writing a storehouse to Sanders & Price, a firm composed of Sam Sanders and J. W. Price, for $200 per month, payable monthly, for 57 months, commencing January 1, 1907, and ending September 30, 1911. It was duly signed by the lessors or their agents and the lessees. This lease on its back contains the following contract or transfer, in writing:

"Birmingham, Ala., June 29, 1910.

"By the consent of all parties concerned, the lessor and lessee, this lease is this day transferred to the Farmers' Union, a corporation, who agree to assume all the responsibility of same and abide by all the conditions contained therein, but it is distinctly understood that Sanders & Price are in no wise released from the obligations of same until expiration.

"It is agreed that the matter of giving and taking possession by the lessees is to be arranged between themselves, and the lessor or their agents are in no wise responsible for the transfer of possession.

"It is agreed that the lessee and the several indorsers agree to become jointly and severally responsible for the obligations of the lease.

　　　"Weeden and Dent,
　　　　"By ——, Agents.
　　"The Farmers' Union,
　　　　"By W. M. Glaze, President.
　　"W. M. Glaze, Security.
　　"I. B. Acton, Security.
　　"C. M. Dixon, Security.
　　"C. L. King, Security.
　　"H. C. Martin, Security.
　　"Sanders and Price,
　　　　"By J. W. Price."

[1] There are many objections to testimony and documentary evidence, but under an act approved September 28, 1923 (Gen. Acts 1923, p. 631), it is not required or necessary for either the trial court or the Supreme Court to point out or indicate what testimony, if any, should be excluded or not considered, and on appeal this court shall consider only the testimony which is relevant, material, and competent. So it is not necessary to consider the objections to the testimony.

[2] When this transfer of the lease in question was executed and delivered, the Farmers' Union paid to Sanders and Price $400 for their interest in the lease contract, and for some store fixtures in the store which belonged to them. George H. Dent, as surviving partner of Weeden & Dent, brought suit in the city court of Birmingham against the following parties: The Farmers' Union & Warehouse Company, a corporation, doing business in the name of the Farmers' Union, W. M. Glaze, I. B. Acton, C. M. Dixon, C. L. King, H. C. Martin, J. W. Price, Sam Sanders, and Sanders & Price, a partnership, composed of Sam Sanders and J. W. Price. The suit was for $600 for rent of said storehouse from July 1, 1911, to September 30, 1911, under said lease and the transfer contract. The plaintiff obtained judgment against the defendants for $703, amount of the debt, besides the cost of the cause.

[3] This judgment against these defendants, the complainant, the cross-complainant, and others, as joint debtors, is the highest

evidence of a joint indebtedness due plaintiff from the defendants; but "this judgment is not conclusive evidence of the right of one having paid it to receive contribution." It is not conclusive evidence, only prima facie evidence, that the defendants are in æquali jure. 6 R. C. L. p. 1047, headnote. This court, in Crayton v. Johnson, 27 Ala. 506, wrote:

"It is an admitted principle at law, that where parties stand in æquali jure, with reference to liabilities arising ex contractu, equality of burthen becomes equity."

This judgment was obtained by the plaintiff against the defendants by virtue of a contract between the parties, which contract is in writing. One party to the contract, C. L. King, paid the judgment, interest, and cost in full. This contract is copied in full heretofore in this opinion. Its construction will determine the rights and relations of the parties who executed it. It must be construed so as to ascertain the intention of the parties at the time of its execution as gathered from the entire contract; their intention must govern, and to find their intention the court must have regard to the nature of the contract, the condition of the parties, and their objects in making it. See Russell v. Garrett, 208 Ala. 92, headnotes 4–7, 93 So. 711; 3 Michie, Digest, p. 333, § 109 (1), and authorities there cited.

[4] In 16 R. C. L. p. 843, § 341 (Landlord and Tenant), we find the following text, which will aid in guiding the court to reach a correct construction of this contract:

"If the assignee accepts the assignment prior to the rent becoming due, he takes it cum onere, and he must pay the rent when it becomes due and cannot collect a portion of it from his assignor, the lessee. The rent as between them, in the absence of any special agreement, cannot be apportioned."

[5] This rent, for which the judgment was obtained, matured after the transfer of the lease, and after its acceptance by the Farmers' Union. When the lease was transferred by this contract to the Farmers' Union, neither Sam Sanders nor J. W. Price was a member of this union, and was in no manner connected with or interested in it. When W. M. Glaze, I. B. Acton, C. M. Dixon, C. L. King and H. C. Martin signed the transfer of the lease contract and became thereby responsible for the obligations of the lease, they were officers or directors of a corporation known as the Farmers' Union & Warehouse Company, and they were members of the Farmers' Union. The lessors, Weeden & Dent, in the orginal lease, by signing this transfer agreement of it, consent for the lessees, Sanders & Price, to transfer it to the Farmers' Union, and they accepted the agreement of the Farmers' Union to be responsible to them for the rent obligation and they consented for C. L. King and four others to be responsible also to them for the rent obligation; but they expressly state the original lessees, Sanders & Price, are not released from the obligation.

There are four different parties, or rather classes of parties, to this transfer contract of the original lease. Weeden & Dent are the landlords, lessors—original lessors—in the original lease, and they are the first parties; Sanders & Price are the original lessees in the original lease contract, and they are the lessors and assignors in the lease transfer contract, and they are the second parties to it. The Farmers' Union is the lessee and assignee in the lease transfer contract, and it may be called the third party. C. L. King and the four other individuals who signed the lease transfer contract and agreed to be responsible for the obligations of the lease are the fourth parties to the contract. By this lease transfer contract the original lessees, Sanders & Price, the lessee, the Farmers' Union, under the transfer contract, C. L. King and the four others, who signed as "sureties," are jointly and severally liable for the rent to become due under the original lease to Weeden & Dent after June 29, 1910, and on or before September 30, 1911. They are all severally and jointly liable to Weeden & Dent for this rent of the storehouse. But under this lease contract, it is expressly agreed between the lessors, Sanders & Price, and the lessee, the Farmers' Union, that this lessee (Farmers' Union) agrees "to assume all the responsibility of same (the original lease) and abide by all the conditions contained therein"; and this lease transfer contract also contains the following clause:

"It is agreed that the lessee (Farmers' Union) and the several indorsers (C. L. King and the four others) agree to become jointly and severally responsible for the obligations of the lease."

Under the transfer contract between Weeden & Dent and the other parties to it, all were liable for the rent to Weeden & Dent, but under this contract between Sanders & Price and the Farmers' Union and its five "sureties" or "indorsers" Sanders & Price were relieved of liability for this unexpired rent and the Farmers' Union and C. L. King and the four other "sureties" or "indorsers" assumed and agreed to pay this rent; they "assumed all the responsibility of same."

Default was made in the payment of a part of this rent. The original landlords, Weeden & Dent, by the surviving partner, sued at law and recovered a judgment for this rent against all of the above-named parties under the lease, and the lease transfer contract. The judgment was paid in full, including cost and interest by C. L. King.

He cannot look to J. W. Price for contribution for this outlay by him, because under the agreement in the lease transfer contract, between Sanders & Price and the Farmers' Union, the Farmers' Union and its five "sureties" or "indorsers" were liable for this rent. They assumed by the contract all responsibility for this rent and released thereby Sanders & Price from it. Under this contract, if Sanders & Price, or either of them, had paid the judgment for this rent, they would have a right of action for the amount so paid by them against the Farmers' Union and its five "sureties" or "indorsers."

C. L. King under the contract does not stand in æquali jure with J. W. Price, with reference to liability for this rent debt evidenced by the judgment based on the contract. Their burdens under the written contract are entirely different. There is no equality of burden under the contract between complainant Price and cross-complainant King. The liability of King and others is primary for the unexpired rent, and the liability of Sanders & Price, or Price is secondary; and, as between Sanders & Price and the Farmers' Union and the five "sureties" or "indorsers" under the contract, the liability for the rent rests entirely on the Farmers' Union with King and four others as its "sureties" or "indorsers." Authorities supra.

The cross-complainant is not entitled to contribution from J. W. Price for the payment of the judgment; he is not entitled to be subrogated to the rights of Weeden & Dent in the judgment as against the property of complainant J. W. Price, and he has no lien by virtue of the payment of the judgment on the property of J. W. Price described in the bill of complant. Authorities supra.

The decree is free from error, and is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.