168 So. 143

## LESSLEY v. BEAIRD.

### 5 Div. 212.

Supreme Court of Alabama.

March 26, 1936.

Rehearing Denied May 28, 1936.

H. H. McClelland, of Talladega Springs, for appellant.

Henry A. Teel, of Rockford, and L. H. Ellis, of Columbiana, for appellee.

BOULDIN, Justice.

Two decrees, one sustaining demurrers to section 11 of a bill in equity, added as an amendment to the bill as theretofore amended, and one overruling demurrers to the cross-bill, were rendered on the same date.

The record discloses an appeal as from one decree. Assignments of error and briefs are directed to both. They will be so considered.

The original bill was filed to enjoin the threatened foreclosure of a mortgage on lands under power of sale, to purge the mortgage debt of usury, to abate the amount of the mortgage debt, given for purchase money, because of partial failure of title, and to redeem.

By amendment, it was sought to rescind the purchase, and have a mutual accounting.

The cross-bill sought a foreclosure in equity. Without question, the principal of the mortgage debt was not fully paid, if abated by failure of title to 1½ acres and shortage in acreage of some 4 to 5 acres, as averred in appellant's bill. The cross-bill alleges a default in payment of the mortgage debt, denies the charge of usury, any breach of warranty or failure of title, or shortage in acreage affecting the amount of the mortgage debt.

Demurrers going to the equity of the cross-bill as a whole were clearly without merit, and properly overruled.

Treating the demurrers to the cross-bill as challenging the special aspect of same relating to usury, we consider the sufficiency of the cross-bill in that respect.

Without dispute the mortgagee sold the mortgagor the tract of land recited in the deed to contain 133 acres, more or less, for an agreed price of $2,500, payable in ten annual installments, with interest from date. Instead of giving notes of $250 each, bearing interest from date, it was desired to pay an equal amount each year.

The cross-bill avers a third person, an attorney, was engaged to make the calculation on an 8 per cent. basis, and ascertain the amount of each note, the interest to be included and notes not to bear interest until after maturity. He calculated the amount of each note to be $360. They were executed accordingly of date, February 13th, the first payable December 1st of the same year, 1928, and the other nine, December 1st of each year following. It further appears that in closing the deal two other notes of $62.50 each were executed. The cross-bill alleges this was on an insistence by the purchaser that the calculation on which the $360 notes were drawn was in error to the injury of the seller, the notes too little, and $125 should be added. Hence, the two notes of $62.50 which, the cross-bill avers, were later delivered up to the maker.

Appellant now insists the $360 notes were usurious, because on their face they include usurious interest.

Under the averments of the cross-bill there was no usury, if indeed the notes, by miscalculation, included more than 8 per cent. interest. Usury laws are penal, depend upon the intent of the parties, at least of the creditor. If an error of this character entered into the notes, it would merely result in reducing them to the amount of legal interest, not a forfeiture of all interest.

We do not mean to say that this calculation did include excess interest.

It would seem in making up the amount, the calculation was made by simply figuring interest on each installment for the time it was to run in full years, adding the several interest items to the principal and dividing the whole by ten. $3,600, the aggregate, would thus include interest on the whole $2,500 for one month and 13 days, approximately $25 too much, the transaction being had on February 13, 1928.

But the calculation was made on the basis most favorable to the debtor, calling for no payment of annual interest on the principal debt. If the parties intended that $2,500 should represent the cash value of the land, it would have been entirely lawful to stipulate for payment of interest annually on the unpaid principal, just as loans of money are usually made, and figured in amortization schemes for payment in equal annual installments. So calculated, the several installments here would exceed $360. Nothing appears as to any common agreement on these lines. In such case, the notes, themselves, express the agreement of the parties, and if not in excess of the amount due, calculated in a lawful manner, they are not usurious, and are payable according to their face. Nor do we mean to ignore the rule touching cash and credit prices on sales of property. Commercial Credit Co. v. Tarwater, 215 Ala. 123, 110 So. 39, 48 A.L.R. 1437.

434

There was no error in overruling demurrers to the cross-bill.

 Demurrers to the original bill are not addressed to the bill as amended, but merely to section 11, which purports to be added by way of amendment. It deals with an alleged shortage of acreage in one call of the deed, which reads: "Also eleven acres and one half in the SW-1/4 of the NW-1/4, described as follows: Commence at the SE. corner of said forty and run north along the east line of the same, 363 yards; then run west to the Ferry Road, then run southwesterly along the said Ferry Road to a point where same intersects the south boundary line of said forty; then run east along said south line 230 yards to the point of beginning."

Section 11 avers both parties believed this tract contained 11½ acres, dealt on that basis, and this was a material inducement to the trade, etc., but in fact it contained only 7½ acres; that soon after discovering such shortage, the bill to rescind was filed.

The demurrer is addressed to this section as presenting a ground for rescission. It does not purport to set up a special equity within itself, but is incorporated in the bill as a whole, setting up several matters on which rescission is sought. The demurrer was inapt.

One phase of relief grantable under the bill would be an abatement of purchase money.

Dealing with another 1½-acre parcel, specially described in the deed, it is averred the vendor had no title, breached his warranty of title, etc.

 Looking at this 11½-acre tract, it appears from the description definite calls for distances on two sides were given. Such measurements, possibly a survey, may, as averred, have been relied upon by the parties. Other lines are located by these and the "Ferry Road." A little calculation demonstrates that unless those calls for distances were in error, the tract could not be reduced to 7½ acres, unless a curve in the road cut much into the area, no matter how short the north line. A right triangle whose two sides were 363 yards and 230 yards would exceed 8½ acres. We refer to this to illustrate that on due proof of the allegations of section 11 in connection with other averments of the bill, relief might be had by way of abatement of purchase money

to the extent of shortage. Terry et al. v. Rich, 197 Ala. 486, 73 So. 76; Cox v. Collins, 205 Ala. 491, 88 So. 440; 66 C.J. p. 660. This relief does not depend on a rescission, or right of rescission.

The sufficiency of the amended bill as one for rescission is not presented. We see no occasion to announce the rules governing such bills as applied to the facts here presented.

The demurrer to section 11 alone should have been overruled.

Let the costs of appeal in this court and the circuit court be taxed one-half against appellant and one-half against appellee.

Affirmed in part, reversed in part, and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.