172 So. 646

### PATTERSON v. LOVELADY.

#### 6 Div. 15.

Supreme Court of Alabama.

Jan. 14, 1937.

Rehearing Denied March 4, 1937.

Wm. C. Rayburn, of Guntersville, and James & Stewart, of Cullman, for appellant.

St. John & St. John, of Cullman, for appellee.

KNIGHT, Justice.

The bill in this cause was filed by appellant, J. H. Patterson, against the appellee for statement of accounts between appellant and appellee, and for cancellation of a certain mortgage executed by the appellant to appellee.

The court overruled demurrers to the bill, and the question of its sufficiency does not arise on this appeal.

The respondent filed answer and cross-bill, making the complainant, and his wife, Dora Patterson, parties defendant thereto. There was no demurrer to this cross-bill for misjoinder of parties defendant. Maryland Casualty Co. v. Holmes, 230 Ala. 332, 160 So. 768.

By her cross-bill the appellee (cross-complainant) brought forward the mortgage executed to her by the said J. H. Patterson and wife, and under proper averments sought foreclosure of the same.

It is to be here noted that, in her cross-bill, the cross-complainant alleged that the note secured by the mortgage provided for the payment of all costs "and a reasonable attorney's fee for the collection of the same," and that the mortgage provided for the payment of "all costs, expenses and attorney's fees which might be legally incurred *in the collection of said debt* or for foreclosing said mortgage, and the respondent averred that two hundred and fifty dollars would be a reasonable attorney's fee for the collection of said notes and for foreclosing said mortgage."

The mortgage conferred upon the mortgagee the power to sell the property in foreclosure of the mortgage in the event of default in the payment of the secured debt, but no reference is made to attorney's fee for foreclosure in a court of equity.

In the record there is much testimony, pro and con, bearing upon the amount of the indebtedness, and the payments made by the mortgagor.

Upon submission, the court ordered a reference to the register to state the account between the parties and to ascertain and report "the amount due, if any, upon the mortgage given by the complainant, J. H. Patterson and his wife, Dora Patterson, to the respondent and cross-complainant, Mrs. Lydia Lovelady," and "to ascertain and report what would be a reasonable solicitor's fee for the solicitors of respondent and cross-complainant for the foreclosure of said mortgage, in the event it is foreclosed."

Pursuant to this order of reference, it appears that the register, after due notice to the parties, held the reference, and reported to the court that, after allowing the complainant all credits to which he was entitled, there remained due and owing on the mortgage indebtedness, as of the date of the report, the sum of $2,013.62, and that the sum of $150 would be a reasonable allowance to Mrs. Lovelady for her solicitors in the cause. The register further found that the mortgage indebtedness was not infected with usury, as claimed by the complainant, the said J. H. Patterson.

The report is voluminous, and seems to deal fully and fairly with each and every claim made by the respective parties.

On the reference each party noted all the testimony taken in the cause and noted on the original submission, and additional

testimony was given ore tenus before the register.

The complainant filed numerous exceptions to the register's report, some going to the disallowance of claimed credits, some to the "allowance" of $150 for the solicitors of Mrs. Lovelady, while other exceptions were directed to that part of the report which found that no usury had been charged in the mortgage.

The court, on submission, overruled complainant's exceptions and confirmed the report in all respects.

The court, by its decree, fixed the amount of the mortgage debt at $2,013.62, and allowed the cross-complainant the sum of $150 for her solicitors, making the total amount of the indebtedness of said mortgage, secured by said mortgage, the sum of $2,163.62. This was in accordance with the report of the register.

The court allowed the complainant thirty days within which to pay the indebtedness, and, in default of payment, ordered the register to sell the property conveyed by the mortgage to satisfy said indebtedness.

We have carefully read and considered the testimony in this cause, and find no reason to disturb the report of the register, or the decree of the court thereon.

■ The report of the register is accorded the weight of the verdict of a jury, and will not be disturbed unless the court on a review of the evidence is convinced that it is palpably and plainly wrong. Bailes v. Bailes, 216 Ala. 569, 114 So. 185; Ex parte Jackson, 212 Ala. 496, 103 So. 558; Adalex Construction Co. v. Atkins et al., 214 Ala. 53, 106 So. 338; Bay Minette Land Co. v. Stapleton et al., 224 Ala. 175, 139 So. 342; Bidwell v. Johnson, 195 Ala. 547, 70 So. 685.

The register reported that there was no usury charged by the mortgagee in the indebtedness secured by the mortgage.

■ When it is recalled that the usury laws are penal, and depend upon the intent of the parties, "at least of the creditor," we cannot affirm that the register reached an erroneous conclusion as respects the asserted claim that the mortgage debt was infected with usury. Lessly v. Beaird, 232 Ala. 432, 168 So. 143.

■ It is insisted that the court erred in allowing a solicitor's fee to cross-complainant, in view of the fact that the mortgage contained no provision for such a fee in the event the mortgage was foreclosed by a proceeding in equity. In this case, however, the complainant, mortgagor, brought the proceedings, and both the note and mortgage provided for the payment of a reasonable attorney's fee, if such was incurred in the collection of the debt. The mortgagee in his answer and cross-bill brought these provisions of the note and mortgage before the court, and claimed the benefit of the agreement. In these circumstances, the mortgagee was entitled to the allowance. Skidmore v. Stewart, 199 Ala. 566, 75 So. 1; Stephenson v. Allison, 123 Ala. 439, 26 So. 290; Blevins et al. v. Tilford, 203 Ala. 235, 82 So. 485.

The case of Hylton v. Cathey, 225 Ala. 605, 144 So. 579, an authority relied upon by appellant, points out that the complainant in the cross-bill did not declare her right to the provisions of the note as to the payment of an attorney's fee. There is no conflict between the decision in that case and the holding in the Skidmore Case, supra. There is no error in the decree in respect to the allowance of a reasonable solicitor's fee.

■ It is also insisted that, inasmuch as Mrs. Patterson, the mortgagor's wife, had not filed an answer to the cross-bill, the cause was not at issue when the testimony was taken and the decree was entered, and therefore the decree was and is "absolutely void and of no effect." In this appellant is also mistaken. But we may here add that if appellant is not mistaken in this contention, then his appeal would have to be dismissed, as it is here without citation or notice to Mrs. Patterson.

■ However, the decree is not void. Had Mrs. Patterson been made a party to the appeal here, she could have assigned for error that the cause was not at issue, and was prematurely submitted; but she is not here, and is not complaining. The decree does not purport to render any judgment against her, and it is certain no rights of the appellant have been injuriously affected by reason of the fact that his wife did not answer the cross-bill before a decree was rendered thereon.

■ Pretermitting the question that the wife could not be made a party to the cross-bill, she not being a party to the original bill, it is certain that the decree was at most irregular, furnishing grounds for reversal, when properly assigned for error by the one injuriously affected. It cannot be said to be void, nor can the

error be availed of here by the husband whose rights have not suffered, and could not be injuriously affected. Pearce v. Kennedy, 232 Ala. 107, 166 So. 805. Even such an irregularity may be waived by one affected thereby. 21 Corpus Juris 647, 790; Rushing v. Thompson's Ex'rs, 20 Fla. 583.

Where there are several defendants to a bill in equity, one of them cannot complain on appeal that the cause progressed to a final decree without a pro confesso against his codefendant. The only questions which he can raise are as to the correctness of the decree against him. Knowles et al. v. Summey et al., 52 Miss. 377.

There is manifestly no merit in the insistence of appellant that the court erred in overruling his objections to certain parts of the testimony of the complainant. The decree of the court expressly recites that it is predicated alone upon the competent and legal evidence in the case. Code, § 6565; King v. Price, 212 Ala. 344, 102 So. 702; Hamilton v. Warrior, 215 Ala. 670, 112 So. 136; Moore v. Moore, 212 Ala. 685, 103 So. 892; Copeland v. Warren, 214 Ala. 150, 107 So. 94; Alabama Bank & Trust Co. v. Jones, 213 Ala. 398, 104 So. 785. And we may add that there was abundance of evidence, legal and competent, to support the decree.

It follows from what we have indicated above that there is no error in the decree rendered, so far as affects the rights of appellant, and it is due to be here affirmed, and it is accordingly so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.