17 So.2d 161

### EVANS et al. v. LEETH NAT. BANK.

8 Div. 250.

Supreme Court of Alabama.

Feb. 24, 1944.

Rehearing Denied March 23, 1944.

S. A. Lynne, of Decatur, for appellants.

434

· ʹW. Marvin Scott, of Cullman, for appellee.

BOULDIN, Justice.

The appeal is from a decree overruling demurrers to ·a bill in equity for the foreclosure of a mortgage on real estate.

The general demurrer to the bill as a whole for want of equity is not insisted upon, although the ruling thereon is assigned for error.

■ This non-insistence is no doubt in recognition of the well-settled principle that the foreclosure of a mortgage on lands, after default, is per se a matter of equitable jurisdiction, presents a case of original independent equity.

■ The assignments of error insisted upon go to grounds of demurrer addressed to that phase of the bill seeking recovery of a reasonable attorney's fee for services of complainant's counsel in the foreclosure suit.

The stipulation in the mortgage, made exhibit to the bill, reads: " * * * the said grantor—hereby agree to pay all costs, expenses and attorney's fees that may be legally incurred in collecting the indebtedness aforesaid, or in foreclosing this mortgage, * * *."

A foreclosure in equity is one of the lawful methods of "collecting the indebtedness" secured by the mortgage, as well as within the clause "foreclosing this mortgage."

The mortgage contains a power of sale, but does not confine the right of foreclosure to such method; nor put any restrictions on a foreclosure in equity.

Under the stipulation above the right to reasonable attorney's fees to indemnify the mortgagee for such fees incurred by him in a foreclosure suit in equity is well settled. Patterson v. Lovelady, 233 Ala. 554, 172 So. 646; Blevins v. Tilford, 203 Ala.

235, 82 So. 485; Skidmore v. Stewart, 199 Ala. 566, 75 So. 1; Stephenson v. Allison, 123 Ala. 439, 26 So. 290.

The cases of Cooper v. Parker, 176 Ala. 122, 57 So. 472, Bynum v. Frederick, 81 Ala. 489, 8 So. 198, and others of like import, deal with stipulations wherein attorney's fees are allowed as part of the expense of foreclosure under power of sale, and retained from the proceeds of such sale, the residue to be applied on the mortgage debt. Our cases above cited differentiate between such stipulations and that embodied in this mortgage.

We find no error in the decree under review.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.