# Land & Rentz *v.* Boykin.

*Contest of Homestead Exemption.*

122 627
132 617

1. *Homestead; abandonment thereof.*—Where a party with his family removes from his homestead to another State, taking practically all of his household furniture with him, leaving at his homestead only a few articles of furniture, and remains away more than eighteen months, paying only occasional visits to their place of former residence, and during such absence the land attached to the homestead is rented and the dwelling house is occupied free of rent; and before removing from such premises the owner did not make and file in the office of the judge of probate a declaration of his claim to said premises as a homestead exemption, there is an abandonment of such premises as a homestead, and they become subject to levy and sale.

APPEAL from the Circuit Court of Choctaw.
Tried before the Hon. JOHN C. ANDERSON.

·  The proceedings in this case were had upon the contest of a claim of homestead exemption. After the levy of a writ of attachment in favor of the appellants, Land & Rentz, against the appellee, the latter interposed a homestead claim to the lands so levied upon. To this claim of homestead exemptions the plaintiffs filed a contest.

Upon the hearing of this contest, the plaintiffs introduced evidence tending to show that although S. A. Boykin formerly resided on the lands levied upon as a homestead, he had, prior to the levy, abandoned said homestead. The evidence for the defendant is set forth in the opinion.

Upon the introduction of all the evidence, the plaintiffs requested the court to give to the jury, among others, the general affirmative charge in their behalf. The court refused to give each of these charges requested by the plaintiffs, and to each of these rulings the plaintiffs duly excepted.

There were verdict and judgment in favor of the claimant. The plaintiffs appeal, and assign as error, among the other rulings of the trial court, the refusal to give the general affirmative charge requested by them.

EDWIN J. GILDER and GEORGE STOWERS, for appellant, cited Code of 1886, § 2539; *Turner v. Turner,* 107 Ala. 465; *Kaster v. McWilliams,* 41 Ala. 302; *Pollak v. Caldwell,* 94 Ala. 149; *Murphy v. Hunt,* 75 Ala. 438.

HOLLOWAY & HOLLOWAY, *contra.*—It is not necessary to file declaration in probate office when it is shown that defendant was only temporarily absent.—*Caldwell v. Pollak,* 91 Ala. 353; *Fuller v. Whitlock,* 99 Ala. 411.
·  The intention of appellee and the business in which he was engaged, should be taken into consideration to ascertain whether or not he intended to or did abandon his homestead.—*Garrett & Sons v. Jones,* 95 Ala. 96; *Carl v. State,* 89 Ala. 96; *Fuller .v. Whitlock,* 99 Ala. 411; *Pollak v. Caldwell,* 94 Ala. 151; *Scaife v. Argall,* 74 Ala. 474; *Metcalf v. Smith,* 106 Ala. 301,

[Land & Rentz v. Boykin.]

TYSON, J.—The land on which was situated a dwelling house, in which defendant, prior to April, 1895, resided with his family, was his homestead, and exempt to him from levy and sale under execution and other process for the collection of debts owing by him.—Code, 1886, § 2507; Code of 1896, § 2033. From the evidence of defendant and witnesses examined in his behalf we deduce the following facts: During the first week in April, 1895, defendant left his family in his dwelling and went to the State of Mississippi to work in a turpentine orchard. After being there a few weeks, he rented a dwelling house to which he moved his family and the greater portion of his furniture, leaving the dwelling in Alabama without an occupant. He left in this dwelling one bedstead, a spinning wheel, some cooking utensils, a table, two chairs and "other plunder." He and his family lived in the rented house in Mississippi until after the levy in this case in December, 1896; his family occasionally returning to the place in Alabama during this period, and spending a few days. During the year 1895, he rented to a tenant the tillable land, reserving the dwelling, orchard and garden. During a part of the year 1896, his wife's stepfather occupied the dwelling, and used the furniture left there by defendant free of rent. During both of these years "he kept up the garden on said land, and used vegetables therefrom." He did not make and file in the office of the judge of probate of Choctaw county, in which this land is situated, a declaration of his claim of exemption before going to Mississippi.

There is testimony in the record tending to show that defendant made declarations shortly after going with his family to Mississippi of his intention never to return to Alabama, which we do not deem necessary to consider for a decision of this case.

A casual reading of the foregoing statement of the facts shows that the defendant and his family, for more than eighteen months prior to the levy, were not in the actual occupancy of the land as a homestead. Actual occupancy as a home is essential to the validity of his claim of exemption.—*Turner v. Turner*, 107 Ala. 405;

*Garrett & Sons v. Jones,* 95 Ala. 96, and authorities cited under section 2033 of the Code of 1896.

If defendant wished to preserve his right to claim his homestead as exempt while he and his family were absent in Mississippi he should have availed himself of the benefits conferred by the provisions of section 2065 of the Code of 1896. The affirmative charge requested by plaintiff should have been given. The judgment is reversed and cause remanded.

Reversed and remanded.