# Griffin *v.* Chattanooga Southern Railroad Co.

## *Statutory Action of Ejectment.*

1. *Homestead; alienation thereof; entry of government land.* Where a married man has procured a homestead certificate for government land, and he and his family enter upon said land, improve and cultivate it and claim it as his homestead, it is, pending the time from entry to the time of procuring the patent, the homestead of the entryman; and a conveyance to a railroad company of the right of way through said lands which is executed before he procures a patent thereto, is void and ineffectual to pass title, unless it is signed by his wife, who makes an acknowledgement of her signature to said deed separate and apart from her husband, as required by the statute regulating the conveyances of homesteads.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. J. A. BILBRO.

This was a statutory action of detinue, brought by the appellant against the appellee, to recover a strip of land used and occupied by the defendant as a right of way for its railroad. The facts of the case are sufficiently stated in the opinion.

[Griffin v. Chattanooga Southern Railroad Co.]

Upon the introduction of all the evidence, the court, at the request of the defendant, gave the general affirmative charge in its behalf. There were verdict and judgment in favor of the defendant. The plaintiff appeals, and assigns as error the giving of the general affirmative charge in favor of the defendant.

C. DANIEL, for appellant, cited *U. S. v. Fox,* 94 U. S. 315; *Spencer v. Gussman,* 37 Cal. 96; *Gayland v. Place,* 98 Cal. 472; 99 Amer. Dec. 250; *Watterson v. Bomer Co.,* 19 Mont. 554; *Wilson v. McGhee,* 111 Ala. 615; 20 So. Rep. 619.

BURNETT & CULLI, *contra,* cited Revised Statutes U. S. 419, § 2288; 25 Amer. & Eng. Encyc. of Law, 111 *et seq.;* 19 Amer. & Eng. Encyc. of Law, 334, note; *Carroll v. Safford,* 3 How. 441; *Witherspoon v. Duncan,* 4 Wall. 210; *Railroad Co. v. Rayle,* 69 Ind. 424; *Case v. Edgworth,* 87 Ala. 204; *Knabe v. Burden,* 88 Ala. 438; *Chinnubee v. Nicks,* 3 Port. 362.

TYSON, J.—In 1889, the plaintiff procured a homestead certificate from the United States land office for the land sued for. At that time he was a married man and resided upon the tract of land of which the strip in controversy was a part. He and his family continued to live upon the land from the date of his entry to the time of the trial of this case, improving and cultivating it, claiming it as his homestead. In 1895, he perfected his title and procured a patent to the tract from the United States. In August, 1890, he and his wife executed to the Chattanooga Southern Railway Co., through whom the defendant claims title by mesne conveyances, a quit claim deed to the strip in controversy as a right of way. There was no separate and apart acknowledgment by the wife to this deed. The only question presented is, was this necessary in order to make the deed a valid conveyance of the right of way attempted to be conveyed by it? In other words, was the tract of land over which the right of way was attempted to be granted the homestead of the plaintiff

under the constitution and statutes of this State? If· this question is answered affirmatively, the separate· and apart acknowledgment of the wife was indispensable to the validity 'of the deed.—Code, § 2034; McGhee v. Wilson, 111 Ala. 615.

Why was it not the homestead of the plaintiff at the date of the execution of the deed? There are two contentions urged against its being the plaintiff's homestead. The first is, that under the homestead and preemption laws, the plaintiff acquired no title to the land until he procured his letters patent; that the title was in the United States government, and the only right the plaintiff had was the right to perfect his title after five years actual occupancy. That he could not sell or convey it or any portion of it except for church, cemetery or school purposes, or for the right of way of railroads, without destroying his right to complete and perfect his title. The land was not subject to taxation by the State until he acquired the title, and abandonment of it by him at any time before the expiration of the period of occupancy required would destroy his right to ever perfect his title. All this may be conceded, and, yet the land was the homestead of the plaintiff. It is not the quality and quantity of the estate, but the uses to which the land is devoted that impresses it with the characteristic of a homestead. "The great controlling purpose and policy of the constitution, is the protection, the preservation of the homestead—the dwelling place. * * * It is the home place—the roof that shelters—the constitution and statutes protect from liability to the payment of debts, and, when the owner is a married man, subject to the restrained alienation. * * * Usually, it is accompanied by an estate or interest; but, if it is not, it is the misfortune of the occupant."—Watts v. Gordon, 65 Ala. 546; Tyler v. Jewett, 82 Ala. 93; Gaylord v. Place, 98 Cal. 472; Spencer v. Geissman, 37 Cal. 96; Watterson v. Bonner, 19 Montana, 554.

The second contention is, that if a separate and apart acknowledgement be required, this would be placing a limitation on the plaintiff's right to transfer the right

[Ladd v. Ladd *et al.*]

of way in face of the revised statute (p. 419, § 2288) authorizing him to do so. This statute is in these words: "Any person who has already settled or hereafter may settle on the public lands, either by preemption or by virtue of the homestead law or any amendments thereto, shall have the right to transfer, by warranty against his own acts, any portion of preemption or homestead for church, cemetery or school purposes, or for the right of way of railroads across such pre-emption or home-stead, and the transfer for such public purposes shall in no way vitiate the right to complete and perfect the title to their pre-emptions or homesteads." This language does not undertake to regulate or prescribe the formalities of the transfer, other than by warranty deed. It simply confers the right as against the government and nothing more. The deed when made to convey title to the grantee must conform to the laws of the State where it is executed and the land is situate. This is the prerogative of the States. "When the *lex rei sitae* requires certain forms to be adopted in order to validate the transfer of property, such forms must be complied with."—Wharton on Conflict of Laws, § 683. See also § 275; *U. S. v. Fox*, 94 U. S. 315.

The deed executed by the plaintiff was void, and the affirmative charge requested by him should have been given.

Reversed and remanded.