# Bailey *v.* Dunlap Mercantile Co.

## Contest of Homestead Exemptions.

1.  *Contest of claim of homestead exemptions; burden of proof.*— When the plaintiff in a suit institutes a contest of the claim of homestead exemptions to lands levied upon under an attachment or other process, the burden of proof is on the plaintiff to establish that the property so claimed as a homestead is not subject to the levy.

2.  *Homestead exemptions; character of estate or title to property claimed.*—Under the constitutional and statutory provisions, a homestead exemption may be claimed in lands which constitute the dwelling place of the family with its appurtenances without regard to the nature or character of the title, whether legal or equitable, or of the estate, whether in fee simple for life or for years only; nor is it of consequence as to the right of claim of homestead exemptions that the claimant acquired the tract of land in parcels at different times, or that his estate in each parcel is different in degree.

3.  *Same; right not lost by renting of land.*—The owner of a homestead may, if he chooses, rent out a portion of the tract without subjecting the portion so rented to the payment of his debts, and without losing the right to claim such portion as a part of his homestead.

4.  *Contest of homestead exemution; admissibility in evidence of affidavit and bond for attachment.*—Where, after the levy of an attachment upon lands, the defendant interposes a claim of homestead exemptions and a contest is instituted thereon,

[Bailey v. Dunlap Mercantile Co.]

upon the trial of the contest the affidavit and bond for attachment are not relevant to any issue involved, and are, therefore, inadmissible in evidence.

APPEAL from the Circuit Court of Monroe.

Tried before the Hon. JOHN C. ANDERSON.

The proceedings in this case were had upon the contest of a claim of homestead exemptions. The suit was instituted by the issuance of an attachment at the instance of the D. R. Dunlap Mercantile Company against the firm of Bailey & Remley, of which firm J. R. Bailey, the appellant, was a member. The attachment was levied upon 80 acres of land, and to the land so levied upon J. R. Bailey filed his claim of homestead exemptions with the sheriff and also filed his claim in the office of the judge of probate of Marengo county. Upon the filing of this claim of homestead exemptions, the plaintiff filed an affidavit of contest, and upon the contest so commenced issue was made up under an order of the court, and the proceedings in the present case were had upon the issue of contest so formed. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion. During the trial of the contest the plaintiff offered in evidence the affidavit and bond for attachment, the writ of attachment and the return of the levy by the sheriff thereon. The defendant separately objected to the introduction of each of said papers, except the writ of attachment and the endorsement and the levy thereon. The court overruled each of said objections, and the defendant separately excepted to each of said rulings.

Upon the introduction of all the evidence the court, at the request of the plaintiff, instructed the jury that if they believed the evidence "they must find for the contestant or plaintiff, the D. R. Dunlap Mercantile Company, as to the land purchased by J. R. Bailey from W. W. Costello," describing the said lands. The defendant duly excepted to the giving of this charge, and also separately excepted to the refusal of the court

[Bailey v. Dunlap Mercantile Co.]

to give the several charges requested by him. It is not, however, necessary to set out these charges at length.

The jury returned a verdict finding the issue in favor of the plaintiff as to the lands purchased by the defendant from Costello, and judgment was rendered accordingly. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

MILLER & MILLER, for appellant.—The court erred in admitting in evidence the affidavit and bond for attachment. The appellant could not in this contest answer the charge of fraud made against him in the affidavit, and that charge going to the jury in writing and sworn to and unanswered was calculated and doubtless did him great harm.—*Arnold v. Cofer*, 135 Ala. 364; *Dollins v. Lane*, 89 Ala. 361; *Taliaferro v. Land*, 23 Ala. 369.

The defendant was entitled to claim as exempt to him as a part of his homestead all of the property included in said claim and involved in this controversy. *Blum v. Carter*, 63 Ala. 235; *Alley v. Daniel*, 75 Ala. 405; *Block v. Bragg*, 68 Ala. 291; *Block v. George*, 83 Ala. 178; *McLaren v. Anderson*, 81 Ala. 106.

No counsel marked as appearing for appellee.

TYSON, J.—Contest of a homestead exemption. Under the statute the plaintiffs, contestants, must sustain the burden of proving that the lands levied upon are subject to the levy. Or if a homestead, that its value exceeds two thousand dollars. The institution of the suit is the levy in which the plaintiff is the actor. Section 2052 of the Code; *McCrary v. Chase*, 71 Ala. 540; *Kolsky v. Loveman*, 97 Ala. 543.

The single issue presented by this contest is whether the land levied upon, at the date of the levy, was the

homestead of the defendant. The *onus* upon the trial was, as we have said, upon the plaintiffs, contestants, to show that it was not.

The writ of attachment was sued out on the 5th day of December, 1901, and levied upon the lands in controversy two days later. At and prior to the day of the levy, the defendant, with his family, was residing upon a forty acre tract of land which he had rented from one Costello for the years 1901 and 1902. He had previous to the levy of the attachment purchased the two pieces of land levied upon, both of which were contiguous to and adjoined the leased premises upon which he resided. One of the parcels, comprising forty-five acres, he acquired from one Remley; the other, comprising thirty-five acres, he acquired from Costello—making the entire tract, including the rented lands, one hundred and twenty acres.

It is of no consequence what the character of his estate in any portion of the one hundred and twenty acre tract was or may have been at the date of the levy. So he had an estate in that portion of the tract upon which he resided, whether a fee or less, is all that is required, provided it was the dwelling place of his family and was used and occupied as such.—Section 2033 of the Code. "There is no limitation to any particular estate, either as to duration, quality or extent. It is the land upon which the dwelling place of the family is located, used and occupied as a home, which the constitution and statute protects, however inferior may be the title, or limited the estate or interest."— *Tyler v. Jewell*, 82 Ala. 93 ; *Griffin v. Chattanooga Sou. R. R. Co.*, 127 Ala. 570. Nor can it be of consequence that defendant acquired the tract in parcels at different times or that his estate in each parcel may be different in degrees.—Waples on Homestead and Exemptions, par. 9, 115. He is, as against the plaintiffs, the owner of the tract in its entirety and if, as here, the entire tract, does not exceed one hundred and sixty acres and two thousand dollars in value, the whole of it is his homestead and exempt from the payment of his debts. Nor is it of importance that tenants may

have occupied, at the date of the levy of the attach-
ment, a portion of the parcels acquired from Remley
and Costello. The owner of a homestead may, if he
chooses, rent out a portion of the tract without sub-
jecting the portion so rented to the payment of his
debts.

The charge given at the request of the plaintiffs was
clearly 'erroneous. It is unnecessary to review the
charges refused to the defendant, since upon another
trial on the facts disclosed he will be entitled to have
an affirmative instruction given in his behalf.

We are unable to see the relevancy of the affidavit,
and bond which were allowed in evidence against the
objection of defendant.—*Dollins v. Pollock*, 89 Ala.
361.

Reversed and remanded.