# Reid v. Allen.

### Bill for Specific Performance.

(Decided June 5, 1913.   62 South. 801.)

1. *Homestead; Exemptions; Conveyance; Right to Raise Objection.*
—No one but the husband or wife in whose interest a homestead ex-
emption is declared by positive law, or those standing in privity with
them in regard to the homestead, or having a valid lien thereon, can
question the effect of a transfer of the property subject to the home-
stead right by the husband or wife without a joinder of the other.

2. *Same; General Creditors.*—Those without a valid lien on the
subject of conveyance—that is general creditors—cannot question the
irregularity of the conveyance of a homestead arising by reason of
the fact that the debtor's wife did not join in the conveyance.

3. *Same; Conveyance by Husband; Validity.*—A conveyance of the
subject of a homestead right by a husband alone is not void, but
voidable, and that only at the instance of one having a right to have
the conveyance pronounced void.

4. *Specific Performance; Transfer by Husband; Validity; Right to
Question.*—Where a vendee holding under bond for title took posses-
sion of the land and impressed it with a homestead character, and
then transferred his interest therein by an·assignment of the bond
in which his wife did not join, the failure of the wife to join could
not be urged as a defense to a suit for specific performance filed by
such transferee against the vendor of the tranferor.

APPEAL from Randolph Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by H. C. Allen against J. W. Reid to enforce the
specific performance of a contract to convey land.
Judgment for complainant and respondent appeals.
Affirmed.

STELL BLAKE, for appellant.   No brief reached the
Reporter.

R. J. HOOTEN, for appellee.   No brief reached the Re-
porter.

McCLELLAN, J.—In the year 1906 J. W. Reid sold
to S. J. Toney a tract of land containing about 65 acres.

The purchase price was to be paid in three installments of $200 each, payable annually. Reid executed to Toney bond for title, conditioned to make conveyance upon Toney's payment of the purchase price of the land. After two installments had been paid, Toney, for a valuable consideration, transferred, in writing but informally, the bond for title to H. C. Allen. In this transfer the wife of Toney did not join. Toney was at the time occupying, with his wife, the land as a homestead. Allen later paid to Reid the remainder of the purchase money. This bill, exhibited by Allen, seeks the specific performance of the contract by Reid—the conveyance of the land to Allen according to the stipulation of the bond for title so transferred by Toney. The relief sought was granted, and the vendor, Reid, appeals.

It is insisted that the decree is affected with error for that the transfer of the bond for title by Toney to Allen was and is void, because the wife of Toney did not join in the *alienation* as required by law with respect to the homestead of a resident of this state. Under the circumstances indicated, it may be that the transmission of the rights of the vendee, who has so impressed the premises with a homestead character, to be wholly effectual, must be joined by his wife, with all the formality usual in conveying a homestead held in fee. See 21 Cyc. pp. 534, 535; 16 Am. & Eng. Ency. Law, pp. 668, 669; *Watts v. Gordon,* 65 Ala. 546; contra, perhaps, see *Cochran & Ramsey v. Adler,* 121 Ala. 442, 445, 25 South. 761, particularly last paragraph. However, it is entirely unnecessary, in this instance, to enter upon the consideration of that inquiry.

The vendor, Ried, was and is a stranger to any *homestead* right or interest Toney and his wife had in the premises. Only the husband and wife, in whose inter-

[Reid v. Allen.]

est the homestead exemption is raised by positive law, or those standing in a relation of privity to them in respect to the *homestead,* or having a valid lien thereon, can question the sufficiency of the means employed to effect an alienation of the subject of the homestead right. *Cobbey v. Knapp,* 23 Neb. 579, 592, 37 N. W. 485; *Parks v. Hartford Ins. Co.,* 100 Mo. 373, 380, 12 S. W. 1058; 21 Cyc. pp. 557, 558; 15 Am. & Eng. Ency. Law, pp. 687, 688.

General creditors—creditors without a valid lien on the subject of the homestead right—cannot question the irregularity of the conveyance thereof that arises by reason of the failure of the wife to join in the conveyance.—Author. supra.

A conveyance of the subject of the homestead right by the husband alone is voidable—not absolutely void—at the instance of one with right to have such a conveyance pronounced void.

The appellant cannot invoke judicial powers in the premises, since he is a stranger to the right he would indicate, a right which those in whose favor it existed have not seen proper to ascertain or claim in this instance.

It is objected, but without demurrer to point the objection, that the surviving widow of H. C. Allen, deceased, in whose name, along with the heirs at law, the cause was revived, was improperly joined as a complainant. If otherwise tenable, the objection was waived by failure to seasonably raise it.

The decree is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.