(80 South. 857)

SMITH LUMBER CO. v. GARRY.
(7 Div. 999.)

(Supreme Court of Alabama. Feb. 6, 1919.)

1. HOMESTEAD ⬤168 — ABANDONMENT — LEASE OR TRANSFER OF POSSESSION.

Prior to Code 1876, § 2843, as amended by Code 1886, § 2539 (now Code 1907, § 4192), any leasing and transfer of possession of homestead to another whereby owner was disabled for a term from returning and occupying it at pleasure was per se an abandonment of the homestead right.

2. HOMESTEAD ⬤168 — ABANDONMENT — LEASE—RESERVATION OF RIGHT OF OCCUPANCY OR CLAIM—STATUTE.

One who leased his alleged homestead for three years, and moved away, reserving no right of occupancy, and filing no declaration of claim of homestead until long after lease and transfer of possession to tenant, under Code 1907, § 4192, abandoned homestead right, though some of his property remained on premises during lease, and though he intended to return on termination of lease.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Action by the Smith Lumber Company against Tony Garry, wherein the Company, as execution creditor, contested defendant's claim of a homestead exemption. From an adverse judgment, the contestant appeals. Reversed and rendered.

Embry & Embry, of Ashville, for appellant.

W. A. Starnes, of Pell City, for appellee.

SOMERVILLE, J. This is a contest by an execution creditor of the defendant's claim of a homestead exemption.

The evidence shows without dispute that the claimant leased his alleged homestead in December, 1917, for a period of three years, and thereupon moved away, and his occupation ceased.

[1] Prior to the statute, any leasing and transfer of the possession of the homestead to another whereby the owner was disabled for a term from returning and occupying it at pleasure was per se an abandonment of the homestead right. Stow v. Lillie, 63 Ala. 257; Boyle v. Shulman, 59 Ala. 566; Scaife v. Argall, 74 Ala. 473.

By the original statute (Code 1876, § 2843), it was provided that a temporary leasing or quitting of the premises for a term of not exceeding 12 months would not work an abandonment of the homestead right, if a declaration and claim of homestead were previously made and recorded in the office of the judge of probate. By amendment (Code 1886, § 2539) this period of permissible quitting or leasing was extended without limit.

[2] The statute now reads, "Leaving the homestead temporarily, or a leasing of the same, shall not operate an abandonment thereof," etc. Code 1907, § 4192. The effect of this change is to render any leasing which transfers the exclusive possession to the lessee for any definite term an abandonment of the homestead right, unless it is saved by the statutory declaration and claim required, and to preserve the homestead right, if so claimed, regardless of the length of the term of the lease. Pollak v. Caldwell, 94 Ala. 149, 10 South. 266; Fuller v. Am. Supply Co., 185 Ala. 512, 64 South. 549.

The evidence in the record affirmatively shows that the claimant reserved no right of occupancy when he leased the homestead, and that he filed no declaration and claim of homestead until long after the lease and transfer of possession to his tenant.

It follows as a conclusion of law that he thereby abandoned his homestead right in the premises, and the trial court erred in finding the issue in favor of the claimant.

It is of no consequence that some of the claimant's property remained on the premises during the period of the lease; for this was not occupation, nor did it show a right of occupation.

Nor would it have availed anything if the claimant had intended to return and reoccupy the premises as his homestead upon the termination of the lease. Pollak v. Caldwell, 94 Ala. 149, 10 'South. 266.

The case of Fuller v. Am. Supply Co., 185 Ala. 512, 64 South. 549, upon which the claimant relies, did not involve a leasing, and is not in point.

Judgment should have been rendered for the contestant, and, the cause having been tried by the court without a jury, that judgment will now be rendered here.

Reversed and rendered.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.