KING et al. v. CHANDLER. (6 Div. 417.)

(Supreme Court of Alabama. June 18, 1925.)

1. Homestead �köm133—Bill of complaint held defective in not showing that property was homestead at time husband executed mortgage thereon.

Bill of complaint by husband and wife to cancel purchase-money mortgage executed by husband on alleged homestead, merely alleging that complainants were living on place when bill was filed, held fatally defective, in not showing that it was their homestead at time husband executed mortgage eight or nine months before.

**2. Homestead ⬌96—Homestead claim inferior to purchase-money mortgage given contemporaneously with purchase.**

Under Code 1923, § 7884, a homestead claim cannot prevail against purchase-money mortgage given contemporaneously with purchase.

**3. Homestead ⬌133—To obtain relief against purchase-money mortgage allegation that mortgage not part of purchase and sale necsary.**

In order to annul and cancel mortgage by husband alone on ground of homestead exemption, it should be alleged that mortgage was not part of transaction of purchase and sale.

**4. Dower ⬌44 — Contemporaneous purchase-money mortgage given by husband superior to wife's right of dower.**

Purchase-money mortgage executed by husband at time of purchase, is superior to wife's right of dower, and in any case would be valid and enforceable, though subject to inchoate dower.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by Maude M. King and another against R. D. Chandler. Decree for respondent, and complainants appeal. Affirmed.

The bill of complaint is filed by P. L. King and his wife, Maude M. King, to annul and cancel a mortgage executed by P. L. King to the respondent, R. D. Chandler. The bill was filed in January, 1925, and shows that P. L. King was indebted to respondent and executed to him the mortgage in question on April 29, 1924, "pledging as security the property in which complainant lives with her husband, P. L. King, which mortgage was not signed and acknowledged by the complainant (Maude M. King), and she has in no way or manner relinquished her dower interest in the real estate of her said husband."

The mortgage deed which is attached to and made a part of the bill of complaint recites: "This mortgage given to secure balance of purchase price of the above described property."

The respondent demurred to the bill for want of equity; for misjoinder of parties, Mrs. King not appearing to have any interest in the property; and for that the lien of respondent for the purchase money due on the land appears to be superior to the homestead right asserted.

From a decree sustaining the demurrer, complainants appeal.

M. B. Grace, of Birmingham, for appellants.

No mortgage, deed, or other conveyance of the homestead by a married man is valid, without the voluntary signature and assent of the wife. Const. 1901, § 205; Miller v. Marx, 55 Ala. 322; Slaughter v. McBride, 69 Ala. 510; Cox v. Holcomb, 87 Ala. 589, 6 So. 309, 13 Am. St. Rep. 79; Hood v. Powell, 73 Ala. 171; Burgin v. Hodge, 207 Ala. 315, 93 So. 27; Carey v. Hart, 208 Ala. 316, 94 So. 298; Winkles v. Powell, 173 Ala. 51, 55 So. 536; Wallace v. Feibelman, 179 Ala. 589, 60 So. 290. The wife has a dower interest in the real estate of the husband acquired during coverture, and a conveyance by the husband without joinder of the wife does not alienate her interest. Code 1923, § 7433.

Charlton, Copeland & King, of Birmingham, for appellee.

The homestead right does not attach against the lien of a mortgage to secure balance of purchase price. Moses v. Home B. & L. Ass'n, 100 Ala. 465, 14 So. 412; Stanley v. Johnson, 113 Ala. 344, 21 So. 823; Shorter v. Frazer, 64 Ala. 74; Code 1923, § 7884.

SOMERVILLE, J. [1] The bill of complaint is fatally defective in not showing that the property in question was the homestead of P. L. King at the time he executed the mortgage. The fact that complainants were living on the place when the bill was filed —and no more than that is alleged—is not sufficient to show that it was their homestead eight or nine months before that time.

[2] But, in any event, the law was long since settled in this state, in harmony with the statute making a vendor's lien for unpaid purchase money superior to the vendee's claim of homestead exemption (Code 1923, § 7884), that the homestead claim cannot prevail against a purchase-money mortgage given contemporaneously with the purchase. Moses Bros. v. Home B. & L. Ass'n, 100 Ala. 465, 470, 14 So. 412.

[3] It is true that the bill does not affirmatively show that the mortgage was given contemporaneously with the purchase, but, in order to present a case for relief against a purchase-money mortgage, it should be alleged that the mortgage was not a part of the transaction of purchase and sale.

[4] Mrs. King's claim of outstanding dower gives no equity to the bill, since a purchase-money mortgage contemporaneously given by the husband purchaser is superior to the wife's right of dower. Eslava v. Lepretre, 21 Ala. 504, 528, 56 Am. Dec. 266. And, in any case, the mortgage would be valid and enforceable, though subject to inchoate dower.

The demurrer to the bill was properly sustained, and the decree will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.

---

⬌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes