## HOLLIS v. AMERICAN WHOLESALE CORPORATION. (7 Div. 719.)

Supreme Court of Alabama. April 7, 1927.

1. **Homestead** ⟨key⟩57(1)—**In contesting claim that land levied on was homestead, judgment creditor has burden of proof (Code 1923, § 7901).**

Judgment creditor has burden of proof in its contest under Code 1923, § 7901, of claim of homestead exemption of property levied on.

2. **Homestead** ⟨key⟩181(2)—**One who had left property levied on, claiming it as homestead, cannot testify as to intention to leave property temporarily.**

In contest by judgment creditor of defendant's claim of exemption as homestead of property levied on, defendant, who had left property, cannot testify as to intention to leave temporarily, since such intention must be established as inference from conduct and circumstances.

3. **Homestead** ⟨key⟩168—**One not filing statutory claim of homestead exemption and who let premises from year to year abandoned right to claim premises as homestead (Code 1923, §§ 7890, 7896).**

One who did not file claim of homestead exemption under Code 1923, § 7890, and let premises from year to year, abandoned right to claim premises as homestead, as matter of law, notwithstanding filing of claim under section 7896 after execution was levied against land, since either occupancy or filing of statutory declaration is essential.

Appeal from Circuit Court, St. Clair County; Woodson J. Martin, Judge.

The American Wholesale Corporation caused execution to be levied on certain land, and George W. Hollis claimed his interest in it as exempt. The judgment creditor contested the claim, and from judgment in its favor Hollis appeals. Affirmed.

M. M. Smith, of Pell City, for appellant.

Defendant should have been permitted to show his purpose in leaving the premises, and his intention to return. Grant v. State, 141 Ala. 96, 37 So. 420; Sims v. State, 146 Ala. 109, 41 So. 413; Hill v. State, 156 Ala. 3, 46 So. 864. Whether defendant had abandoned the homestead was a question for the jury. Fuller v. Amer. Supp. Co., 185 Ala. 512, 64 So. 549. The filing of a declaration as provided by Code 1907, § 4192, is not an indispensable condition to exemption during temporary absence. Fuller v. Amer. Supp. Co., supra.

Starnes & Starnes, of Pell City, for appellee.

Actual occupancy of lands as a homestead is essential to claim them as exempt, unless declaration under Code 1923, § 7914, is filed. Cowan v. Staggs, 178 Ala. 144, 59 So. 153; Land v. Boykin, 122 Ala. 627, 25 So. 172.

SAYRE, J. Appellee, a judgment creditor, caused an execution to be levied on a tract of land in area less than 160 acres, in value less than $2,000, the property of appellant. Appellant claimed the property, or, rather, his interest in it, for he owned a half interest only, as exempt. Appellee contested the claim, and, after hearing the evidence, the court gave the general charge for appellee.

[1] The burden of proof rested upon plaintiff appellee. Code, § 7901. The single issue presented by the contest was whether the land levied upon was, at the time of the levy, the homestead of appellant. Bailey v. Dunlap Mercantile Co., 138 Ala. 415, 35 So. 451.

[2] After proving its judgment, of date July 21, 1921, and the levy of execution on February 27, 1924, appellee called appellant as its sole witness. The case made by appellant's testimony may be stated in fair outline as follows: Prior to 1922 the property in controversy had for many years constituted appellant's homestead, where he resided with his wife and children. He had five children of school age, but there was no school in the neighborhood. In the spring of 1922 he took his family to Pell City, a few miles away, where, among other things, there were

a school and a cotton mill. He left at the farm all his farming stock and utensils and a part of his household goods, stored in a tenant house. He let the place to a share cropper for a year. In the fall he went back and remained upon the farm for six months, leaving his family at Pell City. In 1924 he let the place to another share cropper, and so annually for two more years, including the year in which the trial was had. He made frequent visits to the farm, and his wife, who owned a half-interest, not now in dispute, went thither from time to time, canning fruit and berries. He worked a part of the time in the cotton mill and had his mail sent there; but he voted in the precinct in which his farm was located. Appellant had not prior to the levy filed with the judge of probate a declaration of his claim of homestead as provided by section 7890 of the Code; but, after appellee's execution had been levied on the date before stated, he filed his claim as provided by section 7896, after which the contest then instituted by appellee proceeded to trial as prescribed by section 7901. Appellant was not allowed to testify as to his intention to leave the homestead temporarily and only in order that he might give his children an opportunity for an education, and of the several rulings to this effect we do not predicate error; the peculiar rule of this jurisdiction being that intention must be established as an inference from the conduct of the party and the circumstances surrounding him. Fuller v. Whitlock, 99 Ala. 411, 13 So. 80; Bland v. Putman, 132 Ala. 613, 32 So. 616.

[3] But apart from the assignments of error drawing into question the rulings on evidence noted above, the decisions of this court in like cases make it necessary now to rule that, since appellant did not file his claim of homestead exemption as provided by section 7890 and because he let the premises from year to year, thus disposing of the right to return at any time and occupy the farm as a homestead, appellant had abandoned his right to claim the premises as a homestead, and that the action of the court in giving the general charge was free of error. All the cases hold that actual occupancy as a home, except where declaration is filed under the statute (section 7890), is essential to the validity of a claim of exemptions. Land v. Boykin, 122 Ala. 627, 25 So. 172; Cowan v. Staggs, 178 Ala. 144, 59 So. 153; Fuller v. American Supply Co., 185 Ala. 512, 64 So. 549. Appellant testified that he had remained in possession; but his statement of the facts in detail, elaborated at considerable length on both the direct and cross-examination, very clearly disclosed the fact that his statement to the effect afore-stated was nothing more than his judgment as to the legal effect of the detailed facts to which he had testified. He was in error. His statement showed affirmatively that he had let the place year after year to different tenants, who as against him and the world at large were entitled to remain in possession during the terms for which they took the place. Appellant was not in possession, so that, whatever his intention may have been with regard to the homestead, he had, under the decisions of this court, abandoned possession and lost his homestead right. Appellant relies upon the decision in Fuller v. American Supply Co., supra, as authority for his contention that the issue in this case should have been submitted to the jury. But in that case we noted the fact—and it was a fact of necessary consideration—that one Parker had occupied the property in suit for about 30 days, but on what terms did not appear; he may have been subject to summary ouster at any time. Here, on the contrary, the testimony of appellant was that he had let the place to share croppers, who thereby became his tenants from year to year. This, we think, was fatal to appellant's claim of homestead, whatever his intention may have been, and the trial court correctly so held. Smith Lumber Co. v. Garry, 202 Ala. 473, 80 So. 857.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.