(125 So. 212)

### BOOKER v. BOOKER. (I Div. 556.)

Supreme Court of Alabama. Dec. 19, 1929.

J. D. Ratcliffe, of Monroeville, for appellant.

C. L. Hybart, of Monroeville, for appellees.

SAYRE, J. <span></span> J. W. Booker purchased a house and lot in the town of Excel and caused the deed to be made to his wife, the appellant. To secure the purchase money Booker and appellant executed to the seller, the Bank of Excel, two separate mortgages, one covering the house and lot, the other a farm of 60 acres. Booker died. There has been no administration upon his estate, no setting apart of a homestead for his widow and minor child, no dower assigned, and cross-complainant has no separate estate. The widow was a second wife and by his first wife Booker had three sons who survived him. The Bank of Excel advertised foreclosure sales under its mortgages. Thereupon appellees, the sons of the first marriage, paid the debt, took an assignment of the mortgages, and filed their bill to foreclose one of them, viz., the mortgage on the house and lot in the town of Excel. Appellant's cross-bill set up the facts thus briefly outlined, and in addition averred that she and her minor daughter occupied the property in Excel as a homestead, and that the purpose and intention of the parties to the two mortgages had been that the farm land mortgage should stand as primary, the town lot mortgage as secondary, security for the purchase price of the town lot. That both mortgages secured the same debt was proper matter for averment and proof (Devlin on Deeds [3d Ed.] § 822), but proof that the mortgages were intended to operate in a manner different from that disclosed by the faces of the instruments, that one was secondary to the other, thus working a change in the nature of the obligations, was not proper matter of averment or proof (Hubbard v. Allen, 59 Ala. 283; Devlin, § 976). That part of the cross-bill, therefore, which undertakes to show a parol agreement by the bank mortgagee to foreclose in an order most consonant with the purpose of the mortgagor to provide a homestead for his wife and child must be laid out of view.

Appellant's claim of homestead rights in the Excel property is subordinate to the mortgages securing the purchase money. King v. Chandler, 213 Ala. 337, 105 So. 184. In Watts v. Gordon, 65 Ala. 546, Brickell, C. J., wrote at length on the subject of the homestead exemption. He said: "It is the house, the dwelling place—not of necessity, an estate or interest in lands—which must be protected and preserved." The nature of the title by which the homestead is held does not affect the operation of the general rule which is that the land upon which the dwelling place of the family is located, used, and occupied as a home, is protected by Constitution and statute, however inferior the title or limited the estate. Nolen v. East, 181 Ala. 226, 61 So. 261. Appellees would not be understood as denying what has been here said, but as asserting in effect their right to be paid the purchase money out of the home place in Excel without consideration of appellant's claim that her right of homestead might be protected without detriment to their right to have their money. That appellees, as assignees of the mortgagee bank, cannot be required to look for their money to any source other than that provided by the contract, will not be denied. But, accepting the averments of the cross-bill as true, as on demurrer we must, appellees' right is secured by two mortgages, so far as concerns any interest of theirs it is, or should be, of no concern to them whether their money is produced from one source or the other. But to appellant the source of supply to which recourse is had may be a matter of grave importance, and the opinion prevails here that, if she may be able to save her homestead, or lighten the burden upon it, by having the court first expose to sale the property covered by the farm land mortgage without in any degree impairing the right of appellees to full satisfaction of their debt, the court ought so to decree. The result would be a species of marshaling or arranging securities for the relief, to what extent may be possible, of the homestead, without impairing the proper lien of either mortgage. The result will be, not so much to

declare an equity in itself, as it will afford the means of working out appellant's right in her homestead which in law and equity alike is regarded as superior to, and rather to be conserved than, her right in the farm land to the extent this may be done without causing injury to appellees.

We note further that the provision of the two mortgages held by appellees for an attorney's fee in the event of a foreclosure under power of sale does not admit of the taxation of such fee incurred in this suit to foreclose. Cooper v. Parker, 176 Ala. 122, 57 So. 472.

The demurrer to appellant's cross-bill should have been overruled. It will be so ordered here.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.