147 So. 404

## MURPHY v. VAUGHAN et al.

### 6 Div. 217.

Supreme Court of Alabama.
March 16, 1933.

Rehearing Denied April 20, 1933.

W. Herbert Osborne, of Birmingham, for appellant.

William Vaughan, of Birmingham, for appellees.

THOMAS, Justice.

The submission was on motion and merits. The judgment was rendered on June 21, 1932, and appeal was taken July 28, 1932; the motion for a new trial duly filed and passed from day to day was overruled and denied on July 25, 1932.

The certificate of appeal, the affidavit of inability to give security for costs of appeal, and the judgment rendered of disallowance of homestead exemption claimed, and condemnation of her real property to sale under the execution show that inability to give the security for costs, and that the judgment rendered was within the statute. Section 6138, Code; Ex parte Barkley, 210 Ala. 466, 98 So. 463; Cobb v. Reed Phosphate Co., 220 Ala. 55, 124 So. 94; and authorities collected in Colbert County v. Tennessee Valley Bank (Ala. Sup.) 144 So. 803.[1] The motion to dismiss the appeal will not prevail, and the motion to strike the bill of exceptions was not within the terms of the statute (section 6434, Code), and is denied.

The estate of decedent and predecessor in title, Mrs. Emma Moore, was in process of administration. The property devised, though charged with payment of debts and costs of the administration (section 5821, Code), vested in the legatee on the probate of the will and final decree to that effect; was liable to be subjected in the due administration of that estate to payment of debts. Powell v. Labry, 210 Ala. 248, 97 So. 707; Forman v. McAnear, 219 Ala. 157, 121 So. 538; Hopkins v. Crews, 220 Ala. 149, 124 So. 202; Snodgrass v. Snodgrass, 176 Ala. 160, 57 So. 474. The fact that the appellant is the executrix of said testator's estate did not prevent the title vesting in her, subject to such superior claims and charges that were fixed thereon. Garrett v. Snowden (Ala. Sup.) 145 So. 493.[2] In Powell v. Labry, 210 Ala. 248, 250, 97 So. 707, 709, the following observation is made: "Under the common law, a personal representative was not required, in the ordinary course of administration, to exercise a control over the real estate of his intestate, and, if he did this, would hold the rents in trust for those legally entitled thereto. Terry v. Ferguson, Adm'r, 8 Port. 500; Smith's Heirs v. Smith's Adm'r, 13 Ala. 329, 335, 336; Henderson v. Henderson, 210 Ala. 73, 97 So. 353, 359. If a recognized or statutory necessity exists, the personal representative may intercept the possession of the heir or devisee to the real estate, for the purpose of a due administration of the estate and payment of debts. Code 1907, §§ 2618, 2619, 2596; Banks v. Speers, 97 Ala. 560, 562, 11 So. 841; Calhoun v. Fletcher, 63 Ala. 574; Tyson v. Brown, 64 Ala. 244; Lee's Adm'r v. Downey, 68 Ala. 98, 101; Landford v. Dunklin & Reese, 71 Ala. 594; Sullivan v. Rabb, 86 Ala. 433, 5 So. 746." Section 5846, Code; Boyte v. Perkins, 211 Ala. 130, 99 So. 652; Johnson v. Sandlin, 206 Ala. 53, 89 So. 81.

The judgment rendered, and on which the execution issued, fixed the status of the indebtedness involved in this suit as that of the appellant as an individual and in her representative capacity.

The question for decision here is that of the right to homestead as provided by the Constitution and statute.

The appellant was in possession and occupying the property as a homestead (and not as an interception of possession and rents as a personal representative) when the judgment was rendered and the execution issued and levied. The cases for interception of possession by a personal representative are indicated by the statutes: Section 5847, Code of 1923, providing for the sale of lands for payment of debts when there is a will; section 5849, for division of lands; sections 5850 and 5860, sale for allotment of the homestead, proof of application, and order of sale; and sections 5883–5885 for the sale of land for payment of legacies. It is not shown that the property exceeded the homestead exemption allowance as to its location, area, or val-

---

[1] 225 Ala. 632.

[2] Ante, p. 30.

ue. Sections 7882, 7901, Code of 1923. The burden of the contest was upon the plaintiff contestant. Kolsky v. Loveman, 97 Ala. 543, 12 So. 720; Sloan & Co. v. Fields, 221 Ala. 54, 127 So. 816; Robinson v. Ferdon, 200 Ala. 549, 76 So. 907; Hollis v. American Wholesale Corporation, 215 Ala. 644, 112 So. 204. Any interest a resident of the state has in lands can be claimed as exempt. Section 7882, Code of 1923; Bailey v. Dunlap Mercantile Company, 138 Ala. 415, 35 So. 451; Tyler v. Jewett, 82 Ala. 93, 2 So. 905; Griffin v. Chattanooga Southern Railroad Co., 127 Ala. 570, 30 So. 523, 85 Am. St. Rep. 143. The contestant, under the evidence, fails to support this burden of proof. Section 7901, Code; Hollis v. American Wholesale Corporation, supra.

At the risk of repetition, we may say that it is not shown that Mrs. Murphy did not have an interest in said property, and, if so, was not occupying the premises as a homestead, or was not a citizen of the state. Mrs. Moore was at the time of her death the sole owner, devised by will to Mrs. Murphy, and the latter was upon and occupying the same as a homestead at and after the death of Mrs. Moore and at the time of the levy, claim of homestead, the contest and trial of the right of homestead. Under the law a homestead right may attach to land held in fee, or for life, or for a term of years: In leased lands, Watts v. Gordon, 65 Ala. 546; 45 A. L. R. 401 note; in lands homesteaded, etc., Griffin v. Chattanooga Southern Railroad Co., 127 Ala. 570, 30 So. 523, 85 Am. St. Rep. 143; in mortgaged lands, Booker v. Booker, 220 Ala. 367, 125 So. 212, Weber v. Short, 55 Ala. 311, and King v. Chandler, 213 Ala. 337, 105 So. 184; in lands subject to vendor's lien and held under bond for title, Reid v. Allen, 183 Ala. 582, 62 So. 801; and in Nolen v. East, 181 Ala. 226, 61 So. 261, 262, in equitable title, where it was held: "There is no limitation to any particular estate, either as to duration, quality, or extent." To like effect is Burrow v. Clifton, 186 Ala. 297, 65 So. 58; and Tyler v. Jewett, 82 Ala. 93, 2 So. 905, lands held by joint tenancy. The Alabama cases are collected on homestead rights in the note, 45 A. L. R. 415. Section 7882, Code of 1923, provides that: "The homestead of every resident of this state * * * shall be * * *, whether a fee or less estate, or whether held in common or in severalty, exempt from levy and sale under execution or other process," etc. A devisee under a will takes a vested interest in property, taking effect immediately upon the death of the testator (Goodman v. Winter, 64 Ala. 410, 38 Am. Rep. 13; Touart v. Rickert, 163 Ala. 363, 50 So. 896), and hence is an estate within the statute. Section 7882, Code of 1923.

It is without dispute that Mrs. Murphy, the appellant, a citizen of this state, was living on the property before and at the death of testatrix, and at all times so occupied the premises to the date of the trial of contest and judgment against her homestead claim, and that she had such interest and occupancy as to be made the basis and support her claim of homestead exemption.

The judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

